John M. Sipos, Esq. Informal Opinion Town Attorney No. 98-49 Town of Varick 54 Johnston Street Seneca Falls, N Y 13148-1235
Dear Mr. Sipos:
You have asked whether an agricultural district terminates by operation of law if the county in which it is located fails to conduct the periodic review required by Agriculture and Markets Law § 303-a. You have advised us that two districts created by Seneca County cover parts of the Town of Varick and that the existence of the districts directly affects the zoning powers of the Town. You state that the time for review of one of the districts passed several months ago and that the other district is due for review.
Article 25-AA of the Agriculture and Markets Law governs the creation, operation and termination of agricultural districts. It provides that the county legislative body shall review any district eight, twelve or twenty years after its creation, in accord with the review period established in the plan creating the district, and at the end of every eight, twelve or twenty-year period thereafter. Agriculture and Markets Law §§ 303(4),303-a(1). The county legislative body may apply to the Commissioner of Agriculture and Markets for an extension of time in which to conduct the review. Id., § 303-a(1).
When it conducts a review, the county legislative body is required to seek reports from the county agricultural and farmland protection board and the county planning board on the operation of the agricultural district and other relevant factors. The county also must conduct a public hearing on notice. Id., § 303-a(2). After reviewing the reports, any proposed modifications, and comments presented at the public hearing, the county legislative body must determine whether the district should be continued, terminated or modified. If the county finds that the district should be continued or modified, it is to submit a review plan to the Commissioner. Id., § 303-a(3). The statute goes on to state that "[i]f the county legislative body finds that the district should be terminated, it may do so at the end of such eight, twelve or twenty year period, whichever may be applicable, by filing a notice of termination with the county clerk and the commissioner." Id.
Under the terms of the statute, the county legislative body is required at set times to solicit input from affected parties and others regarding operation of an agricultural district. Based on information received, the legislative body is to evaluate whether that district should be continued, terminated or modified. Under these provisions, the review is required and is the basis for modification or termination.
In our view, failure to conduct a timely review has no effect on continued existence of the district. To the contrary, the statute contemplates continued existence of the district until the review is completed and a notice of termination is filed. Termination of a district upon failure of the legislative body to conduct the review would frustrate statutory intent that affected and interested parties provide input to the county for consideration in making a determination regarding the future of the district.
We conclude that an agricultural district does not terminate by operation of law if the county in which it is located fails to conduct the periodic review required by the Agriculture and Markets Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General